UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HAROLD JOE BLACK                                   CIVIL ACTION NO. 11-cv-1714

VERSUS                                             JUDGE FOOTE

JAMES LEBLANC, ET AL                               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Harold Joe Black ("Plaintiff") is banned from filing civil actions or appeals in forma pauperis due to his lengthy history of filing frivolous lawsuits. See <u>Black v. Ft Wade Correctional Center</u>, 05 CV 1125 (Doc. 29). Any case that carries his name is sure to be filled with multiple meritless motions. Despite the ban, the court allowed him to proceed in forma pauperis in this action that challenges his exposure to tobacco smoke while housed at the David Wade Correctional Center.

Plaintiff has filed in this tobacco smoke case a Motion for Preliminary Injunction (Doc. 7) that is typical of his frequent submissions. He asserts that in November 2011 the LSU Urology Clinic specialist informed him that he should begin antibiotics 12 hours after a certain test. More than that time passed, and Plaintiff alleges that he began to experience blood in his urine, fever, chills, and an urge to vomit. He asks that the court issue an injunction restraining members of the medical staff at the prison from neglecting his medication prescribed by outside physicians.

To obtain the relief he seeks, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3)

that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

Plaintiff has not articulated adequate facts to show that he is entitled to such extraordinary injunctive relief. It is also very unlikely he would succeed on the merits. And the medical care about which Plaintiff complains in this motion bears no more than a tenuous relationship to the tobacco smoke exposure claim that allowed Plaintiff to file in forma pauperis despite a ban. Plaintiff has attempted to take advantage of a similar situation in a habeas corpus proceeding, Black v. Winn Correctional Center, 09-cv-809, in which he filed two motions for permanent injunction that sought relief on this very topic and several others, despite their having nothing to do with the underlying habeas petition. Plaintiff routinely abuses the litigation process, and this is yet another example of his time-wasting efforts.

Accordingly,

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction (Doc. 7) be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of June, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE