UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HAROLD JOE BLACK                    CIVIL ACTION NO. 11-cv-1714

VERSUS                              JUDGE FOOTE

JAMES LEBLANC, ET AL                MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Harold Joe Black ("Plaintiff") filed this civil action based on allegations that officials at David Wade Correctional Center wrongfully allowed him to be exposed to environmental tobacco smoke ("ETS"), contrary to the advice of his physician, and potentially worsening his prostate symptoms. He named several defendants. Before the court is a Motion to Dismiss (Doc. 50) filed by only one defendant, James LeBlanc, Secretary of the Louisiana Department of Corrections. For the reasons that follow, it is recommended that the motion be granted and LeBlanc be dismissed as a defendant.

**Official Capacity Claims**

Plaintiff contends that LeBlanc and the other defendants are sued in both their official and individual capacities. A Section 1983 suit for money damages against a state official in his official capacity is not allowed. The official is not considered a person under the statute, Will v. Michigan Dept. of State Police, 109 S.Ct. 2304 (1989), and the suit is considered the

same as a suit against the state itself so is barred by the Eleventh Amendment.  Hafer v. Melo, 112 S.Ct. 358 (1991); Kentucky v. Graham, 105 S.Ct. 3099 (1985).

Plaintiff has requested injunctive relief in various motions. The Ex parte Young doctrine allows claims for injunctive relief against an official-capacity defendant who is alleged to have implemented an unconstitutional policy. Plaintiff complains that Secretary LeBlanc enacted a policy that allowed prison officials to designate smoking and nonsmoking areas on prison grounds. Plaintiff contends that a Louisiana statute should be interpreted to ban all smoking at the prisons and not allow such designated smoking areas.  Mere violation of a state statute, assuming Plaintiff can establish that point, does not amount to a constitutional violation that would render the policy subject to injunction under Ex Parte Young.  Accordingly, Plaintiff's official capacity claim against LeBlanc should be dismissed.

**Individual Capacity Claims**

Secretary LeBlanc attacks Plaintiff's claims against him in his individual capacity. LeBlanc points out that his name appears in the complaint only in the caption and on a list of defendants.  Plaintiff responds that LeBlanc's employees were deliberately indifferent to Plaintiff's exposure to ETS, and LeBlanc or his designee did not remedy the situation in response to Plaintiff's step-two administrative grievance.

There is no supervisory liability or respondeat superior under Section 1983.  A supervisory official may be held liable only if he affirmatively participates in the acts that cause a constitutional deprivation or he implements unconstitutional policies that causally result in the constitutional injury.  Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011).  These

principles were applied in the Lake Charles Division to dismiss Secretary LeBlanc from a similar ETS exposure claim by a prisoner. The court reasoned that the complaint against LeBlanc did not allege facts that showed personal involvement or implementation of an allegedly unconstitutional policy, and it explained that lack of a satisfactory response to an administrative grievance does not itself implicate the Constitution.  Perkins v. Terrell, 2010 WL 1141223 (W. D. La. 2010), adopted, 2010 WL 1050200 (W. D. La. 2010).[1] See also Porter, 659 F.3rd at 448 (commissioner not personally liable for step-three denial signed by deputy commissioner). Plaintiff has not alleged facts that could establish a basis for individual liability of Secretary LeBlanc under Section 1983.

Accordingly,

**IT IS RECOMMENDED** that Secretary James LeBlanc's **Motion to Dismiss (Doc. 50)** be **granted** and that all claims against LeBlanc be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

---

[1] Other defendants in the Perkins case filed a motion for summary judgment, which was denied. The case is set for trial in November 2013. A similar case in the Alexandria Division ended with a settlement. Hicks v. CCA, 08 CV 0687 (W.D. La.). A prisoner-plaintiff in a Mississippi case prevailed on a similar ETS claim, but his recovery was limited to injunctive relief and one dollar in nominal damages. Sivori v. Epps, 2009 WL 799463 (S.D. Miss. 2009). To comply with the injunction, prison officials moved the plaintiff to a maximum security unit that was non-smoking. Plaintiff then complained about that, unsuccessfully. Sivori v. Epps, 2009 WL 1421067 (S.D. Miss. 2009).

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of February, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE