UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HAROLD JOE BLACK | CIVIL ACTION NO. 11-cv-1714 |
| VERSUS | JUDGE FOOTE |
| JAMES LEBLANC, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Harold Joe Black ("Plaintiff") is banned from filing civil actions or appeals in forma pauperis due to his lengthy history of filing frivolous lawsuits. See Black v. Ft Wade Correctional Center, 05 CV 1125 (Doc. 29). Any case that carries his name is sure to be filled with multiple meritless motions. Despite the ban, the court allowed him to proceed in forma pauperis in this action that challenges his exposure to tobacco smoke while housed at the David Wade Correctional Center. He was later transferred to the Winn Correctional Center.

Plaintiff earlier filed a motion for preliminary injunction that asserted a LSU Urology Clinic specialist informed him that he should begin antibiotics 12 hours after a certain test. Plaintiff asked the court to issue an injunction restraining members of the prison medical staff from neglecting the medication prescribed by outside physicians. That motion was denied. Docs. 16 and 35.

Plaintiff returned with another Motion for TRO or Preliminary Injunction (Doc. 53). He now asks the court to order officials at Winn Correctional Center to minimize his exposure to smoke and make available to him several herbs and foods that are high in anti-

oxidants. Plaintiff changed his address after the motion was filed, and the new address appears to be for a location that is not a prison or jail. The court contacted the DOC offender locator system and was informed that Plaintiff is no longer incarcerated and is under supervision of the Shreveport office of probation and parole.

"A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility." Smith v. City of Tupelo, 281 Fed. Appx. 279, 282 (5th Cir. 2008), citing Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison). See also Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot). Plaintiff's current motion was, therefore, rendered moot when he was released from custody of the prison officials he sought to enjoin. Any suggestion of injunctive relief based on the possibility that Plaintiff might some day find himself back at Winn Correctional Center "is too speculative to warrant relief." Herman, 238 F.3d at 665.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for TRO or Preliminary Injunction (Doc. 53) be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of June, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE