UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HAROLD JOE BLACK                CIVIL ACTION NO. 11-cv-1714

VERSUS                          JUDGE FOOTE

JAMES LEBLANC, ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Harold Joe Black ("Plaintiff") is a self-represented former prisoner who filed this complaint to challenge his exposure to tobacco smoke while incarcerated as a DOC prisoner. The complaint listed as Defendants DOC Secretary James LeBlanc, Warden Terry Terrell of the Allen Correctional Center, Warden Jerry Goodwin of David Wade Correctional Center, Concordia Parish Sheriff Randy Maxwell, and Parole Board Chairman Peggy Landry. Secretary LeBlanc filed a motion to dismiss, which the court granted on the grounds there was no allegation of his personal involvement in any constitutional violation.

Plaintiff is banned from filing civil actions or appeals in forma pauperis due to his lengthy history of filing frivolous lawsuits. This case was originally assigned to the Chief Judge to address whether Plaintiff would be allowed to proceed as a pauper despite his three prior dismissals of frivolous suits. Once that leave was granted, the court ordered service but did not first review the complaint to screen it pursuant to 28 U.S.C. § 1915(e)(2) as would be done in an ordinary prisoner case. The statute provides that the court may dismiss a

prisoner complaint if at any time the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The undersigned has now reviewed the complaint, and it is recommended that all remaining claims be dismissed for failure to state a claim on which relief may be granted.

**Peggy Landry**

Plaintiff does not mention Peggy Landry in the portion of his complaint where he was directed to set forth the facts of his case. She is mentioned only in the list of defendants: "Chairman Peggy E. Landry, is a defendant for rescind parole, for unknow medical reason[s]. But obviously for developing cancer." Plaintiff submitted service papers (Doc. 24) for Landry that described her as the former chairman of the parole board. The Marshal's attempt at service was unsuccessful because Landry was no longer employed by the DOC. Doc. 39.

All claims against Landry should be dismissed because there is no allegation that she had anything to do with the alleged tobacco smoke exposure. Plaintiff appears to have named her as a defendant solely as a result of her role in handling his efforts to obtain release on parole, which has generated substantial separate litigation. Plaintiff has attempted at times to amend his complaint in this case to bring in issues regarding parole, conditions of confinement, and the like, but the court has denied the proposed amendments on the grounds that they were efforts by Plaintiff to skirt his three-strikes ban by bringing new claims in this case in which he was granted an exception from his ban. There are no allegations that Peggy

Landry had any personal involvement in prison or jail management or was otherwise deliberately indifferent a to serious medical need related to tobacco smoke exposure. All claims against her should be dismissed.

**The Prison Facilities**

The Clerk of Court listed on the docket as defendants Concordia Parish Detention Center, J. Levy Dabadie Correctional Center, Winn Correctional Center, and David Wade Correctional Center. Plaintiff did not specifically name these defendants in the portion of his complaint where he was supposed to list defendants, but he did refer to them in the caption. It appears the Clerk of Court listed these additional defendants out of an abundance of caution. When Plaintiff was directed to submit service papers for all defendants, he did not submit papers for these defendants, which indicates that he did not intend to sue the facilities themselves.

These are merely the names of DOC or privately managed prisons. A prison or jail facility is not a legal entity capable of being sued under Section 1983 because it is not a juridical entity under Louisiana state law and is not a person for purposes of Section 1983. Greenup v. Lee, 2014 WL 471715, n.1 (W.D. La. 2014). Each of these defendants should be dismissed from this civil action.

**Jerry Goodwin, Randy Maxwell, and Terry Terrell**

The court may dismiss a prisoner complaint if at any time the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). After reviewing the complaint, it is recommended that the claims against remaining defendants Warden Jerry Goodwin, Warden Terry Terrell, and Sheriff Randy Maxwell be dismissed for failure to state a claim on which relief may be granted.

The Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, the prisoner must show that he is being exposed to unreasonably high levels of environmental tobacco smoke. Helling v. McKinney, 113 S.Ct. 2475, 2482 (1993). In assessing that factor, the court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will actually cause such harm. Id. The court also has to determine whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Id. Second, the prisoner must show that prison authorities demonstrated a deliberate indifference to his plight. Id. To act with deliberate indifference, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference. Farmer v. Brennan, 114 S.Ct. 1970 (1994).

The court may test a prisoner complaint under the Rule 12(b)(6) standard. To survive such review, the plaintiff must set forth grounds for entitlement to relief, including factual allegations that when assumed to be true raise a right to relief above the speculative level. Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v.

Twombly, 127 S.Ct. 1955, 1964-65 (2007). The facts alleged, taken as true, must state a claim that is plausible on its face. Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Plaintiff makes only general allegations that his health risk "due entire prison confinement in both LDPSC and parish detentional center has resulted in" his developing cancer. He alleges that every DOC/parish detention center in which he has been incarcerated has included constant exposure to second-hand smoke. He alleges that the exposure was inconsistent with medical advice he received from physicians. Plaintiff goes on to describe the Surgeon General's report that there is no safe level of exposure to second-hand smoke.

The complaint does not, however, directly allege that any of these defendants had any particular role in the smoke exposure, that Plaintiff ever complained to them personally, or that would otherwise allow the court to draw a reasonable inference that any one of these wardens or sheriffs acted with deliberate indifference under the demanding Farmer standard. A supervisory official such as a sheriff or warden may not be held liable under Section 1983 for the acts of his subordinates based on a theory of respondeat superior. They may be held personally liable only if they were personally involved in the constitutional deprivation or a sufficient causal connection exists between their wrongful conduct and the constitutional violation. Ibarra v. Harris County, 243 Fed. Appx. 830, 836, citing Thompkins v. Belt, 828

F.2d 298, 304 (5th Cir. 1987). Plaintiff's general allegations of smoke exposure during the time he was incarcerated do not give rise to potential liability of the wardens or the sheriff under these standards. All claims against these remaining defendants should also be dismissed.[1]

**Plaintiff's Release on Parole**

Plaintiff was allowed to file this action, despite his three-strikes ban, based on an exception for when a prisoner is under imminent danger of serious physical injury. Plaintiff was released on parole after this action was filed. The exception was found applicable early in the case, but there is at least a question now as to whether it should have continued application if the case were not subject to dismissal on the grounds stated above. There is no question, however, that Plaintiff's release renders moot any claim for injunctive relief against prison officials. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison); Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot).

Accordingly,

---

[1] Only Warden Terrell has been served and filed an answer. Plaintiff's attempt to serve Sheriff Maxwell through the DOC legal office was unsuccessful because the sheriff is not a DOC employee. Doc. 40. Plaintiff did not submit any service papers for Warden Goodwin.

**IT IS RECOMMENDED** that all claims against the remaining defendants in this civil action be **dismissed** for failure to state a claim on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of March, 2014.

Mark L. Hornsby
U.S. Magistrate Judge