UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **HAROLD JOE BLACK** | **CIVIL ACTION NO. 11-1714** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the Court is pro se plaintiff Harold Joe Black's ("Black") "Motion to Show Excusable Neglect & Good Cause Failure Timely Appeal" (Record Document 157). This Motion is a second attempt at appealing the Court's November 17, 2016 judgment (Record Document 154). The deadline for filing a notice of appeal from the Court's November 17, 2016 judgment was December 19, 2016, as the thirtieth day after the entry of the judgment was Saturday, December 17, 2016. See Fed. R. App. P. 4(a)(1)(A).

Black's first attempt to file a Notice of Appeal was filed on December 21, 2016, when he filed what amounted to a Motion for Extension of Time to File a Notice of Appeal and a proposed Notice of Appeal. See Record Documents 155 and 156. The Court denied the Motion for Extension of Time to File a Notice of Appeal on the basis that Black had not shown excusable neglect or good cause for the failure to file a timely notice of appeal. See Record Document 156.

Black filed the instant Motion on December 31, 2016, seeking to demonstrate excusable neglect and good cause for his failure to timely file his notice of appeal. See Record Document 157. The instant Motion includes three bases for good cause and excusable neglect as well as several attached documents. See id. Black states that (1) he forgot about a medical appointment in Metarie, Louisiana, on December 15, 2016, that

he had to attend; (2) that he had another medical appointment in Shreveport on December 12, 2016; and (3) that he suffers from short term memory loss from the cancer medication Lupron Depot. See id. The attached documents attempt to show that these statements are true.

Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure provides that the Court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the 30-day time period for a timely appeal expires and the party shows excusable neglect or good cause. The Court finds that the showing made in the instant Motion does not constitute excusable neglect or good cause. Pro se litigants subject themselves to the established rules of practice and procedure. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). "The excusable neglect standard is a strict one," and "the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable." Id. Only the "most compelling showing that the purposes of the rules are served" by granting an extension of time will justify granting such an extension. Id. The Court finds no such showing here.

Therefore,

**IT IS ORDERED** that the "Motion to Show Excusable Neglect & Good Cause Failure Timely Appeal" (Record Document 157) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 24th day of January, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE